# EXHIBIT D

Electronically FILED by Superior Court of California, County of Riverside on 01/31/2022 04:01 PM
Case Number CVPS2200407 0000010317390 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Nadia Mariscal, Clerk

1  KAREN J. SLOAT (SBN 130730)
   karen@karensloatlaw.com
2  Craig A. Sterling (SBN 161335)
   craig@karensloatlaw.com
3  LAW OFFICE OF KAREN J. SLOAT, APC
   42-600 Caroline Court, Suite 101
4  Palm Desert, CA 92211
   TEL.: 760.779.1313
5  FAX: 760.340.4834

6  CHRISTOPHER W. HELLMICH (SBN 224169)
   chellmich@hellmichlaw.com
7  HELLMICH LAW GROUP, PC
   40101 Monterey Ave B1, #419
8  Rancho Mirage, CA 92270
   TEL.: 949.287.5708
9

10 Attorneys for Plaintiff Scott Cook

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                              COUNTY OF RIVERSIDE

14

15  SCOTT COOK, an individual;              Case No. CVPS2200407

16              Plaintiff,                  COMPLAINT FOR DAMAGES

17         v.                                1.  Disability Discrimination (Gov.
                                                Code, § 12940, subd. (a));
18  MARINER HEALTH CENTRAL, INC., a
    Delaware Corporation; PALM SPRINGS      2.  Failure to Provide Reasonable
19  OPERATING COMPANY, LP, a Delaware           Accommodation (Gov. Code Section
    Limited Partnership; and DOES 1 through 50, 12940, subd. (m));
20
                Defendant(s).               3.  Failure to Engage in an Interactive
21                                              Process (Gov. Code Section 12940,
                                                subd. (n));
22
                                            4.  Retaliation for Requesting Reasonable
23                                              Accommodation (Gov. Code, §
                                                12940, subd. (m)(2));
24
                                            5.  Failure to Prevent Discrimination
25                                              (Gov. Code, § 12940, subd. (k));

26                                          6.  Failure to Pay Wages Plus Interest –
                                                Cal Labor Code Section 204;
27
                                            7.  Failure to Indemnify Employee
28                                              Expenses Incurred in Discharge of

                                          1
                            COMPLAINT FOR DAMAGES

Duties – Cal Labor Code Section 2802;

8. Unpaid Meal Period Premiums – Cal Labor Code Section 226.7;

9. Unpaid Rest Period Premiums – Cal Labor Code Section 226.7;

10. Noncompliant Wage Statements – Cal Labor Code Section 226(a);

11. Failure to Maintain Payroll Records – Cal Labor Code Section 1174(d);

12. Deficient Pay Penalties – Cal Labor Code  Section 210;

13. Unpaid Overtime – Cal Labor Code Section 510;

14. Unfair Competition – Bus. & Prof. Code Section 17200;

15. Violation of One Day Rest Every Seven Days-Labor Code §§ 551, 552.

**DEMAND FOR JURY TRIAL**

COMES NOW, PLAINTIFF SCOTT COOK for himself and presents the following Complaint for Damages against DEFENDANT MARINER HEALTH CENTRAL, INC. and DEFENDANT PALM SPRINGS OPERATING COMPANY, LP dba PALM SPRINGS HEALTHCARE & REHABILITATION CENTER; and Does 1-50, and alleges as follows:

I.    **PARTIES**

A.    **Plaintiff Scott Cook**

1.    Scott Cook is a Riverside County, California resident ("COOK").

B.    **Defendant Mariner Health Central, Inc.**

2.    Defendant Mariner Health Central, Inc. is a Delaware corporation whose principal place of business is located at 920 Ridgebrooks Road, Sparks, Maryland ("MHC"). Upon information and belief, MHC owns or operates the Palm Desert Springs Healthcare & Rehabilitation Center that has employed COOK since October 27, 2017.

C.    **Defendant Palm Springs Operating Company, LP**

3.    Defendant Palm Springs Operating Company, LP is a Delaware Limited Partnership ("PSOC").

4.    Upon information and belief, PSOC hired COOK on October 27, 2017, to work at the Palm Desert Springs Healthcare & Rehabilitation Center located at 277 South Sunrise Way, Palm Springs, CA 92262. PSOC has consistently held itself out to COOK as his employer by, inter alia, providing him with wage statements identifying PSOC as his employer.

5.    Upon information and belief, PSOC is owned, controlled, or is operated by MHC.

6.    At all relevant times, MHC and PSOC were COOK's joint employers.

D.    **Defendant DOES 1 through 50**

7.    The true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, are unknown to COOK who, therefore, sues such Defendants by said fictitious names. COOK alleges that each fictitiously named Defendant acted or failed to act in a manner that each has contributed to or proximately caused COOK's damages claimed herein. Upon ascertaining their true identity, COOK will amend this Complaint to substitute the true name of any defendants fictitiously named herein. Defendants, when so identified herein, references all Defendants, including those fictitiously named.

8.    COOK is informed and believes, and thereupon alleges that at all times relevant to the facts hereinafter alleged, each Defendant was the owner, agent, alter ego, employee, or employer of each of its co-defendants, and in doing the acts hereinafter alleged, the Defendants were acting within the scope of that ownership, agency, or employment, and with the consent and permission of their co-defendants, and each of them, and that said acts were ratified by said Defendants, co-defendants, and each of them.

II.    **JURISDICTION AND VENUE**

9.    The Court has jurisdiction over this action pursuant to California State Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3
COMPLAINT FOR DAMAGES

10. This Court has jurisdiction over Defendants because the acts that gave rise to this complaint occurred in the State of California.

11. Venue is proper in this Court because, upon information and belief, Defendants employed COOK and transact business in the County of Riverside. PSOC at which COOK worked is located in Palm Springs, California. The majority of acts and omissions alleged herein relating to COOK took place in the State of California, including the County of Riverside.

12. Damages in this matter exceed and are greater than $25,000.00 and are thereby subject to this Court's unlimited jurisdiction.

## III.  FACTUAL ALLEGATIONS

13. MHC operates a skilled long-term care nursing facility in Palm Springs, California. MHC provides its residents with round-the-clock services that include health care, daily living assistance, rehabilitation, and therapy.

14. Per MHC's website, PSOC is one of the nursing facilities that MHC operates in Southern California, and it is located at 277 S. Sunrise Way Palm Springs, California 92262.

15. MHC and PSOC hired COOK as a Salaried Non-Exempt employee on October 27, 2017.

16. All of COOK's pay checks are issued by PSOC and PSOC's name and address appear on all wage statements issued to COOK. Labor Code § 226(a) requires all wages statements to identify the employer. PSOC is COOK's employer.

17. MHC and PSOC hired COOK to work as a Maintenance Supervisor with his primary duties including the maintenance and care of PSOC and its facilities and equipment to ensure its safe operating condition. Despite PSOC's job description authorizing COOK to recruit and hire subordinates whom he would supervise PSOC denied every request COOK made to hire any maintenance support staff. At no time did COOK ever supervise a single person.

18. From Monday through Friday, COOK was scheduled to work from 7:00 am to 5:00 pm and was paid annualize compensation of $60,000. He was the only employee tasked with performing all maintenance and manual labor for PSOC's facility containing 99 beds.

19.     After his eight-hour shift ended, MHC and PSOC required that COOK remain "on-call" and under the employer's control for the remainder of the day. He had to remain within one hour of PSOC to respond to any demand MHC and PSOC placed upon him. He was required to always have his cell phone with him, charged, and turned on, so that MHC and PSOC could contact him 24/7/365. When MHC and PSOC did contact COOK after his shift, which was often, they demanded COOK immediately report for work at PSOC's facility to respond to the specific maintenance issue. Throughout COOK's employment, these employer calls occurred at all times of day and night.

20.     When COOK responded to on-call demands he was working in excess of his eight-hour scheduled shift. He was not paid overtime when he responded to on-call communications or when he returned work calls to provide assistance because MHC and PSOC improperly classified COOK as an exempt employee when he was not.

21.     Furthermore, COOK was frequently not afforded uninterrupted meal and rest break periods because MHC and PSOC improperly classified COOK as an exempt employee when he was not. COOK was forced to work through his meal and rest break, and this was consistently ongoing during COOK's entire employment.

22.     MHC and PSOC also required COOK to be on-call during all weekends. While he was not required to report to the facility every weekend he was on-call MHC and PSOC frequently did require him to report to work on weekends and insisted that he remain able to report to the facility within one hour of being contacted. MHC and PSOC did not pay COOK for the time he was on-call or for the time that he responded to work calls, and provided information over the phone but did not physically appear at the work place facility.

23.     In spring 2021, MHC and PSOC directed COOK to replace tile in one of the Defendants' buildings. Because he was concerned whether one person would be sufficient to complete the labor-intensive task, he asked for some assistance. Marlon F. De Guzman, at the time, a Regional Vice President employed by one of the Defendants, promised COOK that MHC and PSOC would provide him with a worker to assist him with the assigned job. However, on the date COOK began the tile work, Defendants did not supply the promised laborer. With no alternative, COOK was

1   forced to attempt the work by himself.  Shortly after he began the tile work, he suffered hip and

2   Sciatica nerve injuries.

3       24.    Because of the physically demanding nature of the tile work and the usual heavy

4   workload, with PSOC refusing to hire another worker to assist COOK in the manual labor, COOK

5   was diagnosed with a bulging disk and hip rotation injury by his doctor.

6       25.    As a result of his injuries, and with a note from his doctor, COOK was forced to

7   request limited duty. He was unable to stand for more than 20 minutes, lift over 20 lbs., and he could

8   not twist or bend.

9       26.    COOK requested accommodations for his injury and informed his employer of his

10  ability to perform only limited duties for a brief period of time in June 2021. MHC and PSOC rejected

11  COOK's request for any accommodation. Moreover, MHC and PSOC rejected the doctor's note

12  COOK presented and stated that since his injury report and doctor's recommendation for limited duty

13  was not by a doctor whom MHC and PSOC had pre-approved. MHC and PSOC therefore unlawfully

14  refused to accept the doctor's note and recommendations COOK presented.

15      27.    COOK had no other option but to take an emergency sick leave which allowed him to

16  recover for some period, away from work. However, his condition did not improve. After his return

17  from the emergency sick leave, he opened a Worker's Compensation claim. However, PSOC refused

18  to allow COOK to return to work until a Worker's Compensation's doctor, whom MHC and PSOC

19  pre-approved, could evaluate COOK.

20      28.    The following day, Defendants contacted COOK and ordered him back to work and

21  then summarily placed him on an involuntary leave of absence without pay since MHC and PSOC

22  could not and would not engage in the interactive process and attempt to accommodate COOK's

23  temporary physical disability.

24      29.    At all relevant times, MHC and PSOC have willfully and unlawfully failed to fully pay

25  COOK his monthly wages, in violation of California law.

26      30.    In addition, MHC and PSOC knowingly failed to indemnify COOK for expenses he

27  incurred while he was on his on-call duty including but not limited to travel expenses, cell phone, and

28  internet charges. In total, MHC and PSOC were obligated to indemnify and must indemnify, COOK

1  for his incurred business expenses that he reasonably incurred and which MHC and PSOC reasonably

2  knew or should have known he was incurring.

3      31.    Oddly, despite MHC and PSOC repeatedly telling COOK he was exempt, the

4  Defendants' HR department completed timesheets for COOK to indicate the hours that he

5  supposedly worked. COOK asked if he should be inputting his own time into Defendants' payroll

6  system and Defendants HR department told him "no." Defendants never explained to COOK how if

7  he was exempt why he was supposed to record his hours worked. The Defendants' HR department

8  also told COOK that he would not be paid unless he signed the timesheets it completed for him.

9  COOK did sign the timesheets Defendants prepared for him knowing they were false, but he thought

10  nothing of it because he (wrongly) believed Defendants' classification of him as being exempt.

11      32.    Defendants manufactured timesheets never attempted to account for COOK's

12  overtime work, meal or rest periods, on-call time, or the time he worked when returned to the facility

13  to respond to an emergency. The time sheets Defendants did produce are not accurate and were not

14  completed by COOK.

15      33.    Despite his job responsibilities, COOK was not an exempt employee as he neither met

16  the salary or duties tests for any approved category of exempt individual. COOK did not have his own

17  business, he was not an independent contractor nor he did not control his work hours. Defendants

18  MHC and PSOC employed COOK and he worked from PSOC's facility using – mostly – equipment

19  provided by his employers and pursuant to his employers' direction and supervision. COOK was a

20  non-exempt MHC and PSOC employee.

21      34.    COOK filed a timely charge of discrimination with the California Department of Fair

22  Employment and Housing ("DFEH") against Defendants and thereafter received from the DFEH a

23  notice of right to bring a civil action against each Defendant. A copy of the DFEH charge and notice

24  is attached as "Exhibit A."

25      35.    To the extent COOK is required to exhaust any administrative remedies in order to

26  assert any claims alleged herein, which COOK disputes is required, COOK has nevertheless

27  exhausted such remedies and may lawfully pursue all claims alleged.

28  ///

COMPLAINT FOR DAMAGES

1  IV.    **CAUSES OF ACTION**

2  

**FIRST CAUSE OF ACTION**
**Disability Discrimination (Gov. Code, § 12940, subd. (a))**
3  **(Against Defendants MHC, PSOC, and Does 1-50)**

4      36.    COOK refers to each and every preceding paragraph and incorporates those

5  paragraphs as though set forth in full in this cause of action.

6      37.    COOK's disability was the motivating reason for Defendants discriminating against

7  COOK in terms, conditions, or privileges of employment, as alleged above, in violation of

8  Government Code section 12940, subdivision (a).

9      38.    Further, Defendants' employment practices and/or policies had a disproportionate

10  effect on disabled persons such as COOK, in violation of Government Code section 12940,

11  subdivision (a).

12      39.    As a proximate result of the wrongful acts of Defendants, COOK has been harmed in

13  that he has suffered and will continue to suffer actual, consequential, and incidental financial losses,

14  including without limitation loss of income, salary, and benefits, and the intangible loss of

15  employment-related opportunities for growth in his field and damage to his professional reputation, all

16  in an amount according to proof at the time of trial.

17      40.    As a proximate result of the wrongful acts of Defendants, COOK has suffered and

18  continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional

19  distress. COOK has experienced emotional, mental, and physical symptoms arising from the wrongful

20  acts of Defendants and has required medical attention and treatment for said symptoms. COOK is

21  informed and believes and thereon alleges that he will continue to experience emotional and physical

22  suffering for a period of time in the future he cannot presently ascertain. COOK has suffered past,

23  present, and future damages in an amount to be shown according to proof at the time of trial.

24      41.    As a proximate result of the wrongful acts of Defendants COOK has been forced to

25  hire the Law Office of Karen J. Sloat to prosecute his claims herein and has incurred and is expected

26  to continue to incur attorney's fees and costs in connection with this lawsuit. Accordingly, COOK

27  requests attorney's fees and costs under Government Code section 12965, subdivision (b).

28

42.     The above-recited actions of Defendants were done with malice and oppression and in reckless disregard of COOK's rights under the Fair Employment and Housing Act ("FEHA"), in that Defendants engaged in such despicable conduct in order to cause injury to COOK and to subject him to cruel and unjust hardship in conscious disregard of his rights. Moreover, Defendants and each of their acts and omissions in continuing, confirming, and ratifying said conduct, were done with the knowledge that COOK's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the consequences to COOK. Thus, an award of punitive damages in an amount to be determined at trial is justified against Defendants.

## SECOND CAUSE OF ACTION
### Failure to Provide Reasonable Accommodation (Gov. Code Section 12940, subd. (m))
### (Against Defendants MHC, PSOC, and Does 1-50)

43.     COOK refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

44.     COOK had a disability that limited his major life activity.

45.     Defendants knew of COOK's disability that limited his major life activity.

46.     Defendants failed to provide reasonable accommodation for COOK's disability.

47.     As a proximate result of the wrongful acts of Defendants, COOK has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary, and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at the time of trial.

48.     As a proximate result of the wrongful acts of Defendants, COOK has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. COOK has experienced emotional, mental, and physical symptoms arising from the wrongful acts of Defendants and has required medical attention and treatment for said symptoms. COOK is informed and believes and thereon alleges that he will continue to experience emotional and physical suffering for a period of time in the future he cannot presently ascertain. COOK has suffered past, present, and future damages in an amount to be shown according to proof at the time of trial.

49.     The above-recited actions of Defendants were done with malice and oppression and in reckless disregard of COOK's rights under FEHA, in that Defendants engaged in such despicable conduct in order to cause injury to COOK and to subject him to cruel and unjust hardship in conscious disregard of his rights. Moreover, Defendants and each of their acts and omissions in continuing, confirming, and ratifying said conduct, were done with the knowledge that COOK's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the consequences to COOK. Thus, an award of punitive damages in an amount to be determined at trial is justified against Defendants.

50.     As a result of Defendants' wrongful acts, COOK has been forced to hire the Law Office of Karen J. Sloat to prosecute his claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection with this lawsuit. Accordingly, COOK requests attorney's fees and costs under Government Code section 12965, subdivision (b).

## THIRD CAUSE OF ACTION
### Failure to Engage in an Interactive Process (Gov. Code Section 12940, subd. (n)) (Against Defendants MHC, PSOC, and Does 1-50)

51.     COOK refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

52.     COOK had a disability that limited his major life activity.

53.     Defendants knew of COOK's disability that limited his major life activity.

54.     Defendants failed to engage in a timely, good faith, interactive process with COOK to determine effective reasonable accommodations.

55.     As a proximate result of the wrongful acts of Defendants, COOK has been harmed in that he has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation loss of income, salary, and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount according to proof at the time of trial.

56.     As a proximate result of the wrongful acts of Defendants, COOK has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional

1  distiress. COOK has experienced emotional, mental, and physical symptoms arising from the wrongful

2  acts of Defendants and has required medical attention and treatment for said symptoms. COOK is

3  informed and believes and thereon alleges that he will continue to experience emotional and physical

4  suffering for a period of time in the future he cannot presently ascertain. COOK has suffered past,

5  present, and future damages in an amount to be shown according to proof at the time of trial.

6      57.    The above-recited actions of Defendants were done with malice and oppression and in

7  reckless disregard of COOK's rights under FEHA, in that Defendants engaged in such despicable

8  conduct in order to cause injury to COOK and to subject him to cruel and unjust hardship in

9  conscious disregard of his rights. Moreover, Defendants and each of their acts and omissions in

10  continuing, confirming, and ratifying said conduct, were done with the knowledge that COOK's

11  emotional and physical distress would thereby increase, and with a wanton and reckless disregard of

12  the consequences to COOK. Thus, an award of punitive damages in an amount to be determined at

13  trial is justified against Defendants.

14      58.    As a result of Defendants' wrongful acts, COOK has been forced to hire the Law

15  Office of Karen J. Sloat to prosecute his claims herein and has incurred and is expected to continue to

16  incur attorney's fees and costs in connection with this lawsuit. Accordingly, COOK requests attorney's

17  fees and costs under Government Code section 12965, subdivision (b).

18                    **FOURTH CAUSE OF ACTION**
    **Retaliation for Requesting Reasonable Accommodation**
19          **(Gov. Code, § 12940, subd. (m)(2))**
            **(Against Defendants MHC, PSOC, and Does 1-50)**
20

21      59.    COOK refers to each and every preceding paragraph and incorporates those

22  paragraphs as though set forth in full in this cause of action.

23      60.    Defendants retaliated against COOK once he had requested a reasonable

24  accommodation for his disability, as alleged above.

25      61.    As a proximate result of the wrongful acts of Defendants, COOK has been harmed in

26  that he has suffered and will continue to suffer actual, consequential, and incidental financial losses,

27  including without limitation loss of income, salary, and benefits, and the intangible loss of

28

1  employment-related opportunities for growth in his field and damage to his professional reputation, all

2  in an amount according to proof at the time of trial.

3        62.    As a proximate result of the wrongful acts of Defendants, COOK has suffered and

4  continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional

5  distress. COOK has experienced emotional, mental, and physical symptoms arising from the wrongful

6  acts of Defendants and has required medical attention and treatment for said symptoms. COOK is

7  informed and believes and thereon alleges that he will continue to experience emotional and physical

8  suffering for a period of time in the future he cannot presently ascertain. COOK has suffered past,

9  present, and future damages in an amount to be shown according to proof at the time of trial.

10        63.    The above-recited actions of Defendants were done with malice and oppression, and

11  in reckless disregard of COOK's rights under FEHA, in that Defendants engaged in such despicable

12  conduct in order to cause injury to COOK and to subject him to cruel and unjust hardship in

13  conscious disregard of his rights. Moreover, Defendants and each of their acts and omissions in

14  continuing, confirming, and ratifying said conduct, were done with the knowledge that COOK's

15  emotional and physical distress would thereby increase, and with a wanton and reckless disregard of

16  the consequences to COOK. Thus, an award of punitive damages in an amount to be determined at

17  trial is justified against Defendants.

18        64.    As a result of Defendants' wrongful acts, COOK has been forced to hire the Law

19  Office of Karen J. Sloat to prosecute his claims herein and has incurred and is expected to continue to

20  incur attorney's fees and costs in connection with this lawsuit. Accordingly, COOK requests attorney's

21  fees and costs under Government Code section 12965, subdivision (b).

22                 **FIFTH CAUSE OF ACTION**

23      **Failure to Prevent Discrimination (Gov. Code, § 12940, subd. (k))**
    **(Against Defendants MHC, PSOC, and Does 1-50)**

24        65.    COOK refers to each and every preceding paragraph and incorporates those

25  paragraphs as though set forth in full in this cause of action.

26  ///

27  ///

28

66.     Before the discriminatory treatment, as alleged above, Defendants failed to take all reasonable steps to prevent such discrimination from occurring. Thus, Defendants' conduct violated Government Code section 12940, subdivision (k).

67.     As a proximate result of the wrongful acts of Defendants, COOK has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress. COOK has experienced emotional, mental, and physical symptoms arising from the wrongful acts of Defendants and has required medical attention and treatment for said symptoms. COOK is informed and believes and thereon alleges that he will continue to experience emotional and physical suffering for a period of time in the future he cannot presently ascertain. COOK has suffered past, present, and future damages in an amount to be shown according to proof at the time of trial.

68.     The above-recited actions of Defendants were done with malice and oppression and in reckless disregard of COOK's rights under FEHA, in that Defendants engaged in such despicable conduct in order to cause injury to COOK and to subject him to cruel and unjust hardship in conscious disregard of his rights. Moreover, Defendants and each of their acts and omissions in continuing, confirming, and ratifying said conduct, were done with the knowledge that COOK's emotional and physical distress would thereby increase, and with a wanton and reckless disregard of the consequences to COOK. Thus, an award of punitive damages in an amount to be determined at trial is justified against Defendants.

69.     As a result of Defendants' wrongful acts, COOK has been forced to hire the Law Office of Karen J. Sloat to prosecute his claims herein and has incurred and is expected to continue to incur attorney's fees and costs in connection with this lawsuit. Accordingly, COOK requests attorney's fees and costs under Government Code section 12965, subdivision (b).

### SIXTH CAUSE OF ACTION
**Labor Code Section 204 – Failure to Pay Wages Plus Interest**
**(Against Defendants MHC, PSOC, and Does 1-50)**

70.     COOK realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth in this cause of action.

/// ·

---

13

COMPLAINT FOR DAMAGES

71.    Labor Code Section 204(a) requires that all wages earned by any person are due and payable twice during each calendar month.

72.    Pursuant to Labor Code Section 1194.2, an employee is entitled to recover the wages that were unlawfully not paid by an employer and interest thereon under Labor Code Section 1194.2. Labor Code Section 1194.2 provides: "In any action under Section [...] 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in the amount equal to the wages unlawfully unpaid and interest thereon."

73.    As set forth herein, COOK performed work for which he was not properly or fully compensated. Defendants failed to pay or cause COOK to be paid all wages earned while he was employed.

74.    MHC and PSOC intentionally and willfully failed to pay COOK all wages due to him, within any time period permissible under Labor Code Sections 204, and 1194.

75.    Pursuant to Labor Code Section 210, in addition to other relief, Defendants are liable to COOK for a penalty of $100 for the first violation of Labor Code Section 204 for each pay period, and $200 for each subsequent violation per pay period, plus 25% of the amount unlawfully withheld.

76.    Therefore, in addition to his claim for wages, COOK is also entitled to simple annual interest on all unpaid wages of 10%. Labor Code Sections 226.7, 2294; Civ. Code Section 3289.

77.    COOK is entitled to recover all remedies available for violations of Labor Code Section 204 as well as Labor Code Sections 203 and 210.

78.    In bringing this action, COOK had to retain the services of the Law Office of Karen J. Sloat. Therefore, COOK intends to seek an award of reasonable attorney fees and costs pursuant to Labor Code §§ 98.2, 218.5, 510, and 1194, and other applicable laws, which provide that the court may award reasonable attorney fees and costs.

///

///

///

///

## SEVENTH CAUSE OF ACTION
### (Failure to Indemnify Employee Expenses Incurred in Discharge of Duties - Pursuant to Labor Code Section 2802)
### (Against Defendants MHC, PSOC, and Does 1-50)

79.     COOK realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth in this cause of action.

80.     MHC and PSOC failed to indemnify COOK for the reasonable business expenses that he incurred in his duties. Specifically, Labor Code Section 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

81.     COOK alleges that the business expenses that he incurred in performing his duties that Defendants reasonably knew or should have known he was incurring, when they were incurred, and that they were reasonable and necessary in performing his job duties. Defendants are strictly obligated to indemnify COOK for these incurred business expenses.

82.     COOK is also entitled to simple annual interest on all unpaid business expenses of 10% from the date each expense was incurred until judgment is entered in this action. Labor Code Sections 226.7, 1194; Civil Code Section 3289.

83.     In bringing this action, COOK had to retain the services of the Law Office of Karen Sloat, APC. Therefore, COOK intends to seek to recover reasonable attorney fees and costs pursuant to Labor Code Sections 218.5, 1194, and 2802, which provide that the Court may award COOK's attorney fees and costs.

## EIGHTH CAUSE OF ACTION
### Unpaid Meal Period Premiums - Violation of California Labor Code Section 226.7
### (Against Defendants MHC, PSOC, and Does 1-50)

84.     COOK realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth in this cause of action.

85.     COOK was a non-exempt employee. MHC and PSOC failed to issue any written policies to COOK informing him of his statutory right to take an uninterrupted 30-minute meal period.

---

86.    COOK is to recover unpaid earnings while working during meal periods that were denied and/or interrupted.

87.    At all times herein set forth, the IWC Wage Orders, including without limitation, 4 and 5, are applicable to Defendants' employment of COOK and it provides as follows:

**Meal Periods**

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)    If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

88.    An employer shall not require an employee to work during a meal period. Labor Code Section 226.7 (a). Failure to provide a meal period in accordance with state law requires the employer to pay "the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal [...] period is not provided." *Id.* at subd. (b). In order to comply with its meal period obligation, an employer must relieve the employee of all duty, relinquish control over their activities and permit them a reasonable opportunity to take an uninterrupted 30-minute break.

89.    "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes[.]" 8 C.C.R. Section 11050, Section 11 (A). An employer that causes an initial violation of Wage Orders, including without limitation, 4 and 5, is subject to a civil penalty of "$50 for each underpaid employee for each pay period the employee was underpaid in addition to an amount sufficient to recover underpaid wages." Labor Code Section 558 (a)(1).

1      90.     Further, "an employer shall keep accurate information with respect to each employee

2 including […] [t]ime records showing when the employee begins and ends each work period. Meal

3 periods […] shall also be recorded." (Cal. Code Regs., tit. 8, Section 11050 (7)(A)(3).) "Where the

4 employer has failed to keep records required by statute, […] imprecise evidence by the employee can

5 provide a sufficient basis for damages." *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4[th] 949, 961 (2005).

6      91.     MHC and PSOC never maintained time records for the hours COOK worked.

7      92.     COOK is entitled to recover all remedies available for violations of Labor Code

8 Section 226.7 pursuant to Labor Code Section 210.

9      93.     Defendants are liable for unpaid premium wages for failure to provide 30-minute duty-

10 free meal periods under Labor Code Section 226.7 (a).

11      94.     COOK is entitled to recover all remedies available for violations of Labor Code

12 Section 226.7 pursuant to Labor Code Section 210. *Hall v. W. Ref. Retail, LLC,* No.

13 519CV00855VAPSKX, 2019 WL 7940668, at *4 (C.D. Cal. Sept. 19, 2019) (quoting *Murphy v. Kenneth*

14 *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1104 and 1114(2007) (an additional hour is a premium wage, not a

15 penalty).

16      95.     At all times herein set forth, the IWC Wage Orders, including without limitation, Wage

17 Orders 4 and 5, were, upon information and belief, applicable to COOK's employment.

18      96.     MHC and PSOC are jointly and severally liable to COOK, pursuant to Labor Code

19 Section 558 because they caused Labor Code and IWC Wage Order violations as alleged herein.

20      97.     Pursuant to Labor Code Section 210, in addition to other relief, Defendants are liable

21 to COOK for a penalty of $100 for the first violation of Labor Code Section 204, and $200 for each

22 subsequent violation, plus 25% of the amount of wages unlawfully withheld.

23      98.     COOK is also entitled to annual simple interest on all unpaid wages of 10%. *See* Lab.

24 Code Sections 226.7, 1194, Civ. Code Section 3289.

25      99.     In bringing this action, COOK had to retain the services of the Law Office of Karen

26 Sloat, APC. Therefore, COOK intends to seek an award of reasonable attorney fees and costs

27 pursuant to Labor Code Sections 218.5 and 1194, and other applicable laws, which provide that the

28 Court may award reasonable attorney fees and costs.

### NINTH CAUSE OF ACTION

**Unpaid Rest Period Premiums -Violation of California Labor Code Section 226.7**
**(Against Defendants MHC, PSOC, and Does 1-50)**

100.    COOK realleges and incorporates each and every foregoing paragraph of this Complaint as though fully set forth in this cause of action.

101.    This is an action at law to recover unpaid earnings while working during rest periods which were denied and/or interrupted.

102.    At all times herein set forth, the IWC Wage Orders, including without limitation, 4 and 5, applicable to Defendants' employment of COOK, provide as follows: An employer is required to provide its employees with a *paid* 10-minute rest break for every four hours worked. Cal. Code Regs., tit: 8, Section 11050 (12)(A) (emphasis added). If an employer fails to provide an employee with a rest period mandated by law, the employer must pay to that employee an hour of pay at that employee's regular rate of pay for each day a rest period was not provided. Labor Code Section 226.7.

103.    Defendants are liable to COOK for unpaid premium wages for failure to provide 10-minute duty-free rest breaks under Labor Code Sections 226.2 and 226.7.

104.    MHC and PSOC failed to provide COOK with paid 10-minute rest breaks as required by the California Labor Code.

105.    At all times herein set forth, the IWC Wage Orders, including without limitation, Wage Order 4, were, upon information and belief, applicable to MHC's employment of COOK.

106.    MHC and PSOC are jointly and severally liable to COOK pursuant to Labor Code Section 558 because they caused Labor Code and IWC Wage Order violations as alleged herein.

107.    Because COOK did not receive a compliant rest break for any day that he worked 4 hours or a major fraction thereof, as a matter of law, and he is entitled to a rest break premium equal to one hour of wages at the regular rate of pay for each day they did not receive a rest break.

108.    COOK is entitled to recover all remedies available for violations of Labor Code Section 226.7 pursuant to Labor Code Section 210. *Hall v. W. Ref. Retail, LLC*, No.' 519CV00855VAPSKX, 2019 WL 7940668, at *4 (C.D. Cal. Sept. 19, 2019) (quoting *Murphy v. Kenneth*

1  *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1104 and 1114(2007) (an additional hour is a premium wage, not a

2  penalty).

3    109.    Pursuant to Labor Code Section 210, in addition to other relief, Defendants are liable

4  to COOK for a penalty of $100 for the first violation of Labor Code Section 204, and $200 for each

5  subsequent violation, plus 25% of the amount of wages unlawfully withheld.

6    110.    COOK is also entitled to annual simple interest on all unpaid wages of 10%. *See* Lab.

7  Code Sections 226.7, 1194, Civ. Code Section 3289.

8    111.    In bringing this action, COOK had to retain the services of the Law Office of Karen

9  Sloat, APC. Therefore, COOK intends to seek an award of reasonable attorney fees and costs

10  pursuant to Labor Code Sections 218.5 and 1194, and other applicable laws, which provide that the

11  Court may award reasonable attorney fees and costs.

## TENTH CAUSE OF ACTION
**Noncompliant Wage Statements- Violation of California Labor Code Section 226(a)
(Against Defendants MHC, PSOC, and Does 1-50)**

12    112.    COOK realleges and incorporates each and every foregoing paragraph of this

15  Complaint as though fully set forth in this cause of action.

16    113.    At all material times set forth herein, California Labor Code Section 226(a) provides

17  that every employer shall furnish each of his or her employees an accurate itemized statement in

18  writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

19  piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

20  deductions, provided that all deductions made on written orders of the employee may be aggregated

21  and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the

22  employee is paid, (7) the name of the employee and his or her Social Security number, (8) the name

23  and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

24  the pay period and the corresponding number of hours worked at each hourly rate by the employee.

25  The deductions made from payments of wages shall be recorded in ink or other indelible forms,

26  properly dated, showing the month, day, and year, and a copy of the statement or a record of the

1   deductions shall be kept on file by the employer for at least three years at the place of employment or

2   at a central location within the State of California.

3       114.   MHC and PSOC intentionally and willfully failed to provide COOK with complete

4   and accurate wage statements.  The deficiencies include, but are not limited to: total hours worked by

5   the employee, all deductions, provided that all deductions made on written orders of the employee

6   may be aggregated and shown as one item, the inclusive dates of the period for which the employee is

7   paid, the name of the employee and his or her Social Security number, the name and address of the

8   legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the

9   corresponding number of hours worked at each hourly rate by the employee.

10       115.   As a result of the Defendants' violation of California Labor Code Section 226(a),

11   COOK suffered injury and damage to his statutorily protected rights.

12       116.   More specifically, COOK has been injured by MHC and PSOC's intentional and

13   willful violation of California Labor Code Section 226(a) because he was denied his legal right to

14   receive, and his protected interest in receiving accurate and itemized wage statements pursuant to of

15   Labor Code Section 226(a)

16       117.   COOK is entitled to recover from Defendants' the greater of their actual damages

17   caused by MHC and PSOC's failure to comply with California Labor Code Section 226(a), or an

18   aggregate penalty not exceeding $4,000 per employee.

19       118.   COOK is also entitled to injunctive relief to ensure compliance with this section,

20   pursuant to California Labor Code Section 226(h).

21   **ELEVENTH CAUSE OF ACTION**

22   **Failure to Maintain Payroll Records - Violation of California Labor Code Section 1174(d)**
**(Against Defendants MHC, PSOC, and Does 1-50)**

23   

24       119.   COOK realleges and incorporates each and every foregoing paragraph of this

25   Complaint as though fully set forth in this cause of action.

26       120.   Pursuant to California Labor Code Section 1174(d), an employer shall keep at a central

27   location in the state or at the plants or establishments at which employees are employed, payroll

28   records showing the hours worked daily by and the wages paid to, and the number of piece-rate units

1  earned by and any applicable piece rate paid to, employees employed at the respective plants or

2  establishments. These records shall be kept in accordance with rules established for this purpose by

3  the commission, but in any case, shall be kept on file for not less than two years.

4       121.    MHC and PSOC intentionally and willfully failed to keep accurate and complete

5  payroll records showing the hours worked daily and the wages paid to COOK.

6       122.    As a result of the Defendants' violation of California Labor Code Section 1174(d),

7  COOK suffered injury and damage to his statutorily protected rights.

8       123.    More specifically, COOK has been injured by MHC and PSOC's intentional and

9  willful violation of Labor Code Section 1174(d) because he was denied both his legal right and

10  protected interest, in having available, accurate, and complete payroll records pursuant to Labor Code

11  Section 1174(d).

12  **TWELFTH CAUSE OF ACTION**

13  **Deficient Pay Penalties - California Labor Code Section 210**<br>**(Against Defendants MHC, PSOC, and Does 1-50)**

14       124.    COOK realleges and incorporates each and every foregoing paragraph of this

15  Complaint as though fully set forth in this cause of action.

16       125.    At all times herein set forth, Labor Code Section 210 provides that in addition to an

17  entirely independent from any other penalty provided in the Labor Code, every person who fails to

18  pay the wages of the employee shall be subject to an initial penalty of $100.00 for each failure to pay

19  each employee, and a penalty of $200.00 for each willful or intentional violation, plus 25 percent of the

20  amount unlawfully held.

21       126.    As set forth herein, Defendants caused violations of Labor Code Section 210.

22       127.    At all times herein set forth, the IWC Wage Orders, including without limitation, Wage

23  Order 4, were, upon information and belief, applicable to MHC and PSOC's employment of COOK.

24       128.    Defendants are jointly and severally liable pursuant to Labor Code Section 558 because

25  they caused Labor Code and IWC Wage Order violations as alleged herein.

26       129.    COOK is entitled to recover all remedies available for violations of Labor Code

27  Sections 201.3, 203, 204, and 226.7, as provided by Labor Code Section 210 and interpretive case law.

28

1

2

### THIRTEENTH CAUSE OF ACTION
**Unpaid Overtime - Labor Code Sections 510 and 1198**
**(Against Defendants MHC, PSOC, and Does 1 through 50)**

3    130.    COOK realleges and incorporates each and every foregoing paragraph of this

4    Complaint as though fully set forth in this cause of action.

5    131.    California Labor Code Section 1198 and the applicable IWC Wage Order provide that

6    it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half

7    or two-times that person's regular rate of pay, depending on the number of hours worked by the

8    person on a daily or weekly basis.

9    132.    Specifically, the applicable IWC Wage Order provides that Defendants are and were

10    required to pay COOK for working more than eight (8) hours in a day or more than forty (40) hours

11    in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a

12    day or more than forty (40) hours in a workweek.

13    133.    The applicable IWC Wage Order further provides that Defendants are and were

14    required to pay COOK overtime compensation at a rate of two times their regular rate of pay for all

15    hours worked in excess of twelve (12) hours in a day.

16    134.    California Labor Code Section 510 codifies the right to overtime compensation at one-

17    and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or

18    forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

19    overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12)

20    hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

21    135.    During the relevant time period, COOK worked in excess of eight (8) hours in a day,

22    and/or in excess of forty (40) hours in a week.

23    136.    During the relevant time period, MHC and PSOC intentionally and willfully failed to

24    pay overtime wages owed to COOK.

25    137.    MHC and PSOC's failure to pay COOK the unpaid balance of overtime

26    compensation, as required by California laws, violates the provisions of California Labor Code

27    Sections 510, 1194, and 1198, and is therefore unlawful.

28

1    138.    COOK is entitled to recover all remedies available for violations of Labor Code

2    Sections 201.3, 203, 204, and 210.

3    139.    In bringing this action, COOK had to retain the services of the Law Office of Karen J.

4    Sloat. Therefore, COOK intends to seek an award of reasonable attorney's fees and costs pursuant to

5    Labor Code Sections 98.2, 218.5, 510, and 1194, and other applicable laws.

6    **FOURTEENTH CAUSE OF ACTION**

**Unfair Competition – Bus. & Prof. Code Section 17200 et seq.**
7    **(Against Defendants MHC, PSOC, and Does 1-50)**

8    140.    COOK realleges and incorporates each and every previous paragraph of this

9    Complaint as though fully set forth herein.

10   ~~141.    MHC and PSOC are COOK's employers, and it is required to comply with California~~

11   ~~laws.~~

12   142.    California Business and Professions Code Section 17200 provides:

13

14       As used in this chapter, unfair competition shall mean and include any unlawful,
         unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or
         misleading advertising and any act prohibited by Chapter 1 (commencing with Section
15       17500) of Part 3 of Division 7 of the Business and Professions Code.

16   143.    COOK is informed and believes, and based thereon alleges, Defendants engaged in

17   unfair or illegal business acts and practices within the meaning of California Business and Professions

18   Code Section 17200.

19   144.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful,

20   and harmful to COOK. Accordingly, COOK seeks to enforce important rights affecting the public

21   interest within the meaning of Code of Civil Procedure §1021.5.

22   145.    Defendants' activities as alleged herein are violations of California law and constitute

23   unlawful business acts and practices in violation of California Business & Professions Code Section

24   17200, et seq.

25   146.    A violation of California Business & Professions Code Section 17200, et seq., may be

26   predicated on any illegal, unfair, or fraudulent business act, or practice.

27

28

147.    In this instant case, MHC and PSOC's policies and practices of failing to pay overtime and other contractually agreed compensation, failing to reimburse business expenses, and failing to timely pay wages, are both unfair and unlawful.

148.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses and retained money that rightfully belonged to their employees.

149.    COOK has been personally and directly injured by MHC and PSOC's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or personal property.

150.    For the avoidance of doubt, this Fourteenth Cause of Action does not seek to recover any statutory fees or penalties but merely seeks restitution of the illegal windfall MHC and PSOC gained by refusing to pay COOK's wages and injunctive relief to prevent Defendants from continuing to engage in unlawful conduct.

151.    COOK is entitled to relief, including full restitution and/or disgorgement of any funds and benefits that COOK may have obtained as a result of such unfair or illegal business acts and practices. California Business and Professions Code Section 17203.

152.    Pursuant to California Business & Professions Code Section 17200, et seq., COOK is entitled to restitution of the wages, compensation, and business expenses wrongfully withheld and retained by COOK's during a period that commences four years prior to the filing of this Complaint; interest thereon, an award of attorney's fees pursuant to Code of Civil Procedure Section 1021.5, and other applicable laws; and an award of costs.

### FIFTEENTH CAUSE OF ACTION
**(Violation of One Day Rest every Seven Days-Labor Code §§ 551, 552)**
**(Against Defendant MHC, PSOC, and DOES 1-50)**

153.    COOK realleges and incorporates each preceding paragraph of this Complaint as though fully set forth herein.

154.    At all times herein set forth, Labor Code §§ 551 and 552 provide that employers are to provide employees with one day of rest every seven days.

155.    As set forth herein, Defendants caused violations of Labor Code §§ 551 and 552.

156.    At all times herein set forth, the IWC Wage Orders, including without limitation, Wage Order 4, and Labor Code §§ 551 and 552 were, upon information and belief, applicable to MHC and PSOC's employment of COOK.

157.    MHC and PSOC are jointly liable to COOK, pursuant to Labor Code § 558 because they caused violations of Labor Code §§ 551 and 552 and IWC Wage Order violations as alleged herein.

158.    COOK is entitled to recover all remedies available for violations of Labor Code §§ 551 and 552, including but not limited to Labor Code §§ 204, 210, and 510.

159.    In bringing this action, COOK had to retain the services of the Law Office of Karen J. Sloat. Therefore, COOK intends to seek an award of reasonable attorney fees and costs pursuant to Labor Code §§ 98.2, 210 (c), 218.5, 510, and 1194 and other applicable laws, which provide that the court may award reasonable attorney fees and costs.

## V.    PRAYER FOR RELIEF

WHEREFORE, COOK prays for relief and judgment, as follows:

1.    for compensatory damages according to proof at trial;

2.    for special damages, according to proof;

3.    for punitive damages, according to proof;

4.    for consequential damages for breach of contract, according to proof;

5.    for civil and statutory penalties;

6.    for, in the alternative, restitution pursuant to Bus. & Prof. Code Sections 17200 and 17203;

7.    for reasonable and necessary attorneys' and costs incurred through the trial of this case and through any appeal, as a result of COOK's prosecuting these claims against Defendants pursuant to Labor Code Sections 98.2, 218.5, 226, 1194, 1194.2, 1198.5, 2802;

8.    for pre-judgment and post-judgment interest, as provided by law;

9.    for all costs of suit;

10.    for any other such relief as the Court deems just and proper.

1

## <u>JURY DEMAND</u>

2

COOK demands a trial by jury as to all claims so triable.

3

Dated: January 25, 2022

**HELLMICH LAW GROUP, PC**

4

5

By: _____
Christopher Hellmich

6

**LAW OFFICE OF KAREN J. SLOAT, APC**

7

Karen J. Sloat, Esq.
Craig A. Sterling, Esq.

8

9

Attorneys for Plaintiff Scott Cook

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28